## AS TO EXPOSED COG-WHEELS.

Circuit Court of Lucas County.

THE MARINE BOILER WORKS COMPANY v. HARRY W. SHUCK.

Decided, December 4, 1909.

*Construction of Statute Providing Against Injury from Machinery—Allegations Necessary Where the Injury Resulted from Exposed Cog-Wheels—Pleading—Negligence—Section 4364-89c.*

A petition for damages on account of injuries alleged to be due to exposed cog-wheels does not state facts sufficient to constitute a cause of action, where the petition merely avers that the wheels complained of "were not covered," and does not allege that no railing had been placed around them.

KINKADE, J.; PARKER, J., and WILDMAN, J., concur.

This was an action in the court of common pleas to recover damages for a personal injury by reason of falling upon some unprotected cog-wheels that were a part of a gang drill at which the plaintiff, Harry W. Shuck, was working. The plaintiff set out in his petition that the cog-wheels that caused the injury were unprotected; were uncovered, to use the language of the petition. The defendant moved the court to require the petition to be made more definite and certain, then filed a demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action; then filed a motion for judgment

on the pleadings; then filed an answer denying all negligence and alleging and setting up contributory negligence. The case went to trial and after the evidence of the plaintiff was in, the defendant then moved for a directed verdict in behalf of defendant, which was overruled and exception taken, and the jury returned a verdict in favor of the plaintiff for $2,000, and this is a proceeding in error to reverse that judgment.

A number of errors are assigned for our consideration, all of which have been examined, and I will say with respect to all of them except one that we do not think it is necessary to pass upon then. It is the opinion of the majority of the court that the error involved in stating the measure of damages that the plaintiff was entitled to recover, if entitled to recover anything, is sufficient to justify a reversal of this case. That was the opinion of the majority of the court, and as I have said, there are a number of other errors of more or less importance that we have given attention to; but we think it is not necessary to pass upon them in view of the conclusion that we have reached.

As I have said, the defendant filed a demurrer to the plaintiff's petition, and our attention was directed in argument here to one particular thing about this petition, and that is as to whether it makes such allegations as bring the case within the statute. The allegation in the petition—I read but a single paragraph— is as follows:

"The defendant on the day aforesaid was negligent in failing to have said gearing or cog-wheels covered so as to prevent the clothing and hand or other part of one operating said drill from being cut and mangled therein. The defendant was also negligent in not providing the operator of said machine with a reasonably safe place to work, and in failing to make provision to keep the place where he was required to stand from becoming slippery and dangerous."

It is said that this does not fall within the statute under which this action was prosecuted, for the reason that the statute does not require cog-wheels to be covered, and our attention is called particularly to the language of the statute in this regard. It is said on behalf of the petition that this court in the case of *Zier* v. *Maumee Paper Co.* has held that exposed cogs should be cov-

ered or protected, and that the court had practically held the same thing with reference to band wheels in the case of *Gruzinski* v. *The Royal Brush and Broom Co.* We have examined those cases and think the contention of counsel for the plaintiff below, the defendant in error here, is well taken. We think the court did substantially make that statement, but there was nothing in either case, as far as we can find, calling the attention of the court to the particular language of the statute, as to whether cog-wheels fell within the class that is to be boxed or covered. The point is made in this case for the first time in this court, and we have read this statute with much care, and commend it to the careful reading of counsel.

It will be observed that Section 4364-89c, groups a number of different kinds of machinery, and provides what shall be done with respect to these particular groups. Speaking for myself alone, I have endeavored vigorously to read unboxed cog-wheels into one of these groups, and I found myself unable to read it in. It seemed to all of us that the Legislature, or the draughtsman of this bill at least, was perhaps intending to require that cog-wheels, exposed cog-wheels should be covered or boxed. But that is not what the statute says, and no rule of construction that we know anything about will justify reading into this statute that which is not there. I call attention particularly now to the language of the statute, and I read the classification preceding the one that is called in question here. The section says:

"and such ordinary care and such suitable provision shall include the casing or boxing of all shafting when operating horizontally near floors, or when in perpendicular or other positions operating between, from, or through floors, or traversing near floors, or when operating near passageway, or directly over the heads of employes."

It will be noticed that in that class of machinery the shafting operating in those particular relations shall be cased or boxed. The next group of machinery referred to is the cog-wheels, and it reads as follows:

"the enclosure of all exposed cog-wheels, fly wheels, band wheels, all main belts transmitting power from engine to dynamo,

or other kind of machinery, and all openings through floors, through or in which such wheels or belts may operate, with substantial railing.''

The words ''with substantial railing'' referred to embrace ''exposed cog-wheels, fly-wheels, band-wheels, and all main belts transmitting power,'' etc.   The next group following this is the ''railing in of all unused elevator openings,'' etc.   I need not read that.   It is a long paragraph, but it is a group by itself, and following that is another group, and that group begins ''the guarding of all saws and other wood-cutting and wood-shaping machinery, providing shifters for shifting belts,'' etc.

It will be observed, as I have said, on a careful reading of this statute that there is nothing in the section which provides that exposed cog-wheels shall be boxed or covered.   The statute distinctly and plainly states that exposed cog-wheels shall be enclosed with a substantial railing.   It is perfectly apparent to anybody that a railing in front of cog-wheels, if a man is obliged to have his hand near the cog-wheels, might be sufficient to protect his body from getting into contact with the cog-wheels, and at the same time have no effect in preventing his hand from coming in contact with the cog-wheels and being ground off. Of course it is not the business of the court to legislate; it is our business to find out what the statute says and declare it, and after the fullest consideration we have unanimously arrived at the conclusion that this statute, insufficient though it may appear in that form, provides only for a substantial railing to protect one operating near exposed cog-wheels.

This petition does not allege at all that there was no railing around these cog-wheels. The allegation is—and it is the only allegation, the whole substance of the petition in that regard—''the defendant on the day aforesaid was negligent in failing to have said gearing or cog-wheels covered so as to prevent the clothing, hands, or other parts of one operating said drill from being cut and mangled therein.''

It only allges that the wheels were not covered.   It does not allege at all that there was no railing, and that being true, we are very clearly of the opinion that the petition was demurrable, and

that the general demurrer on the ground that it did not state facts sufficient to constitute a cause of action should have been sustained, and the judgment will be entered here which the court of common pleas should have entered sustaining the demurrer and dismissing the petition for the reason that it does not state a cause of action.